1

2

3

4

5

6                UNITED STATES DISTRICT COURT

7               EASTERN DISTRICT OF CALIFORNIA

8

9   EDWARD PEREZ,                )   1:08-cv-0251 OWW GSA
                                 )
10              Plaintiff,        )   SCHEDULING CONFERENCE ORDER
                                 )
11       v.                      )   Discovery Cut-Off: 3/23/09
                                 )
12   UNITED PARCEL SERVICE, INC. and )  Non-Dispositive Motion
    DOES 1 through 50, inclusive, )   Filing Deadline: 4/6/09
13                                )
                Defendants.       )   Dispositive Motion Filing
14  _____ )   Deadline: 4/23/09

15                                    Settlement Conference Date:
                                     4/1/09 10:00 Ctrm. 10
16
                                     Pre-Trial Conference
17                                   Date: 6/29/09 11:00 Ctrm. 3

18                                   Trial Date: 8/11/09 9:00
                                     Ctrm. 3 (CT-3 days)
19

20

21  I.    Date of Scheduling Conference.

22        May 21, 2008.

23  II.   Appearances Of Counsel.

24        Juan M. Falcon, Esq., appeared on behalf of Plaintiff.

25        Paul, Hastings, Janofsky & Walker LLP by Amy C. Hirsh, Esq.,

26  and John C. Post, Esq., appeared on behalf of Defendant.

27  ///

28  ///

                            1

1  III.  Summary of Pleadings.

2       Plaintiff's Summary

3       1.   Plaintiff alleges his termination from Defendant UPS

4  was based upon his race in violation of public policy and

5  Government Code § 12940, et seq.  Plaintiff alleges he had no

6  involvement with any theft and Defendant UPS is using the

7  allegation of theft as a legal premise for his termination.

8  Plaintiff alleges his race was a factor in targeting him as the

9  perpetrator of the theft of iPods.

10      Defendant's Summary

11      2.   UPS disputes and denies all of Plaintiff's material

12 allegations and denies that it engaged in any unlawful conduct

13 with respect to Plaintiff's employment or that he suffered

14 damages as the result of any alleged conduct.  UPS denies

15 Plaintiff's allegation that UPS wrongfully accused Plaintiff of

16 stealing property and terminated his employment with a

17 discriminatory motive.  UPS did not terminate Plaintiff's

18 employment because of his race, but rather terminated Plaintiff's

19 employment after conducting an exhaustive internal investigation

20 into thefts of Apple iPod devices, during which UPS collected

21 evidence that showed that Plaintiff was involved in the theft of

22 the Apple iPod devices.  UPS further denies Plaintiff's

23 allegation that it singled Plaintiff out as the target of the

24 investigation into the iPod thefts on the basis of his race.

25 IV.  Orders Re Amendments To Pleadings.

26      1.   The parties do not currently anticipate amending the

27 pleadings.

28 ///

V.    Factual Summary.

      A.    Admitted Facts Which Are Deemed Proven Without Further
Proceedings.

            1.    Plaintiff Edward Perez is a citizen of the United
States and a resident of the Eastern District of California.

            2.    Plaintiff was employed with UPS at certain times
alleged in the Complaint.

            3.    Plaintiff's employment with UPS ended July 13,
2006.

      B.    Contested Facts.

            1.    All remaining facts are disputed as to Plaintiff.

            2.    UPS disputes and denies all of Plaintiff's
material allegations and denies that it engaged in any unlawful
conduct with respect to Plaintiff's employment or that he
suffered damages as the result of any alleged conduct.  UPS
denies that it terminated Plaintiff because of his race, or took
any other action with respect to Plaintiff because of his race,
or that it subjected Plaintiff to a hostile work environment
based on race.  UPS further disputes that Plaintiff was injured
in any way as the result of any alleged conduct.

VI.  Legal Issues.

      A.    Uncontested.

            1.    Jurisdiction exists under 28 U.S.C. §§ 1332 and
1441(a) and (b).

            2.    Venue is proper under 28 U.S.C. § 1391(a)(2).

            3.    The parties are subject to a collective bargaining
agreement.  There is no choice of law provision.

      B.    Contested.

                                  3

1    　　　　1.　　All remaining legal issues are disputed as to
2    Plaintiff.

3    　　　　2.　　Whether Defendant terminated Plaintiff because of
4    his race, or took any other action against Plaintiff because of
5    his race, in violation of Cal. Gov't Code §§ 12940, et seq.

6    　　　　3.　　Whether Defendant had a legitimate, non-
7    discriminatory reason for any adverse action against Plaintiff.

8    　　　　4.　　Whether Defendant's stated reasons for any alleged
9    adverse action against Plaintiff were a pretext for
10   discrimination.

11   　　　　5.　　Whether Defendant subjected Plaintiff to offensive
12   comments or other abusive conduct that were clearly based on his
13   race and were sufficiently "severe" or "pervasive" to alter the
14   conditions of his employment.

15   　　　　6.　　Whether Defendant exercised reasonable care to
16   prevent and correct promptly harassing behavior, if any, and
17   Plaintiff unreasonably failed to take advantage of the preventive
18   or corrective opportunities provided by Defendant or otherwise
19   avoid harm.

20   　　　　7.　　Whether Defendant had in place policies and
21   procedures designed to prevent harassment and Plaintiff
22   unreasonably failed to invoke them to stop the harassment he
23   alleges.

24   　　　　8.　　Whether Plaintiff exhausted the internal complaint
25   procedures and/or other internal administrative remedies made
26   available to him.

27   　　　　9.　　Whether Plaintiff's allegations rise to the level
28   required to establish a claim for intentional infliction of

1  emotional distress.

2      10.  Whether the exclusive remedy provision of the
3  Workers' Compensation laws bars Plaintiff's claims for
4  intentional infliction of emotional distress and negligent
5  infliction of emotional distress.

6      11.  Whether Defendant breached any duty of care owed
7  to Plaintiff.

8      12.  Whether Plaintiff suffered any damages as a result
9  of any alleged wrongful conduct by Defendant.

10     13.  Whether Plaintiff satisfied his duty to mitigate
11  any alleged damages.

12     14.  Whether Plaintiff suffered any emotional distress
13  as a result of Defendant's alleged conduct, and if so, the nature
14  and extent of such emotional distress.

15     15.  Whether Plaintiff is entitled to any punitive
16  damages.

17     16.  Whether the Complaint, and each of its causes of
18  action, is barred in whole or in part by all applicable statutes
19  of limitations, including but not limited to, California
20  Government Code §§ 12965(b), 12960 et seq., and California Code
21  of Civil Procedure §§ 335.1, 337, 338(d), 339, 340(a), and 343.
22  VII. Consent to Magistrate Judge Jurisdiction.

23     1.  The parties have not consented to transfer the
24  case to the Magistrate Judge for all purposes, including trial.
25  VIII.    Corporate Identification Statement.

26     1.  Any nongovernmental corporate party to any action in
27  this court shall file a statement identifying all its parent
28  corporations and listing any entity that owns 10% or more of the

1   party's equity securities.  A party shall file the statement with

2   its initial pleading filed in this court and shall supplement the

3   statement within a reasonable time of any change in the

4   information.

5   IX.   Discovery Plan and Cut-Off Date.

6        1.    Plaintiff shall make his initial disclosures on or

7   before May 30, 2008.

8        2.    The parties are ordered to complete all non-expert

9   discovery on or before February 27, 2009.

10       3.    The parties are directed to disclose all expert

11  witnesses, in writing, on or before January 23, 2009.  Any

12  supplemental or rebuttal expert disclosures will be made on or

13  before February 23, 2009.  The parties will comply with the

14  provisions of Federal Rule of Civil Procedure 26(a)(2) regarding

15  their expert designations.  Local Rule 16-240(a) notwithstanding,

16  the written designation of experts shall be made pursuant to F.

17  R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all

18  information required thereunder.  Failure to designate experts in

19  compliance with this order may result in the Court excluding the

20  testimony or other evidence offered through such experts that are

21  not disclosed pursuant to this order.

22       4.    The parties are ordered to complete all discovery on or

23  before March 23, 2009.

24       5.    The provisions of F. R. Civ. P. 26(b)(4) shall

25  apply to all discovery relating to experts and their opinions.

26  Experts may be fully prepared to be examined on all subjects and

27  opinions included in the designation.  Failure to comply will

28  result in the imposition of sanctions.

6

**X.   Pre-Trial Motion Schedule.**

1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before April 6, 2009, and heard on May 8, 2009, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3.   All Dispositive Pre-Trial Motions are to be filed no later than April 23, 2009, and will be heard on May 26, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

**XI.  Pre-Trial Conference Date.**

1.   June 29, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

**XII. Trial Date.**

1.   August 11, 2009, at the hour of 9:00 a.m. in Courtroom

3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.   This is a non-jury trial.

3.   Counsels' Estimate Of Trial Time:

a.   3 days.

4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIII.   Settlement Conference.

1.   A Settlement Conference is scheduled for April 1, 2009, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the

8

1  parties shall submit, directly to the Magistrate Judge's

2  chambers, a confidential settlement conference statement.  The

3  statement should not be filed with the Clerk of the Court nor

4  served on any other party.  Each statement shall be clearly

5  marked "confidential" with the date and time of the Settlement

6  Conference indicated prominently thereon.  Counsel are urged to

7  request the return of their statements if settlement is not

8  achieved and if such a request is not made the Court will dispose

9  of the statement.

10       5.   The Confidential Settlement Conference

11 Statement shall include the following:

12            a.   A brief statement of the facts of the

13 case.

14            b.   A brief statement of the claims and

15 defenses, i.e., statutory or other grounds upon which the claims

16 are founded; a forthright evaluation of the parties' likelihood

17 of prevailing on the claims and defenses; and a description of

18 the major issues in dispute.

19            c.   A summary of the proceedings to date.

20            d.   An estimate of the cost and time to be

21 expended for further discovery, pre-trial and trial.

22            e.   The relief sought.

23            f.   The parties' position on settlement,

24 including present demands and offers and a history of past

25 settlement discussions, offers and demands.

26 XIV. Request For Bifurcation, Appointment Of Special Master,

27 Or Other Techniques To Shorten Trial.

28       1.   None.

XV.   Related Matters Pending.

    1.   There are no related matters.

XVI. Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII.     Effect Of This Order.

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

///

///

///

///

10

1      **3.   Failure to comply with this order may result in**

2 **the imposition of sanctions.**

3

4 IT IS SO ORDERED.

5 **Dated:   May 21, 2008**            **/s/ Oliver W. Wanger**

6                                  UNITED STATES DISTRICT JUDGE